

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -4  AM 9: 52

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMLAB, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-1115-CJB-SS** |
| **RITE AID CORPORATION, et al** | |

## <u>ORDER</u>

The District Court remanded discovery issues to the undersigned for further consideration. Rec. doc. 214. The starting point for these discovery issues is the motion of the defendant, Rite Aid Corp. ("Rite Aid"), to compel discovery from the plaintiff, Pamlab, L.L.C. ("Pamlab"). Rec. doc. 165. Pamlab filed an opposition and supplemented its responses to the discovery. It contended that most of Rite Aid's motion was moot. Rec. docs. 168 and 177. On June 7, 2005 (entered on June 8), the undersigned ordered that some issues were moot. Pamlab was ordered to: (1) supplement its responses to interrogatory nos. 16 and 20; (2) produce unredacted copies of the documents; and (3) produce electronic versions of any computer generated reports that were produced to Rite Aid. The parties were ordered to submit additional memoranda on whether Pamlab's document

____ Fee_____
____ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
____ Doc. No _____

production complied with the last paragraph of Fed. R. Civ. P. 34(b). Rec. doc. 184. Pamlab objected to the June 8, 2005 order. Rec. doc. 192.

The parties submitted supplemental memoranda on the remaining document production issue. On June 24, 2005 (entered on June 27), Pamlab was ordered to: (1) provide identification concerning the sources within its departments and files from which it gathered the documents that were produced to Rite Aid in order to comply with Rule 34(b)'s last paragraph; (2) certify that after a diligent search all documents responsive to Rite Aid's request were produced; and (3) to make the certification without reference to any objection in response to prior discovery or with any reservation of right to object to future discovery. Rec. doc. 194.

On July 7, 2005, Pamlab filed objections to the June 27, 2005 order. Rec. doc. 203. It stated that it could not comply with the Rule 34(b) identification requirement, but instead it would organize the documents according to Rite Aid's requests, which is also permitted by Fed. R. Civ. P. 34(b). Rec. doc. 203 at pp. 2-3. On July 27, 2005, Pamlab filed a supplemental memorandum in support of its objections to the June 27, 2005 order with a supplemental response to Rite Aid's first request for production of documents. The supplemental response identifies by document number the documents responsive to each category of the request for production. Pamlab fully complied with the last paragraph of Rule 34(b). The July 27, 2005 supplemental responses did not resolve any other issue raised in the June 27 order.

Pamlab's objections to the June 27 order require reconsideration of that order. In its motion to compel Rite Aid took issue with Pamlab's responses to many of the categories in Rite Aid's

request for production of documents.  Rec. doc. 165 at pp. 15-47.  Pamlab's response to all but six

of Rite Aid's sixty-seven categories was identical.  After stating its objections, Pamlab stated:

> Subject to the foregoing objections and without waiving same, see those documents
> produced herewith and/or on April 19, 2005.

Rec. doc. 165, attachment.[1]  This statement suggested that, notwithstanding the objections, all

documents responsive to each of the categories were produced.  Further, Pamlab's opposition of May

17, 2005 stated that,

> As noted in its responses, Pamlab has produced all of the documents it has in its
> possession responsive to these Requests ("Subject to the foregoing objections and
> without waiving same, see those documents produced herewith and/or on April 19,
> 2005") or has indicated when Pamlab did not possess any responsive documents
> ("Subject to the foregoing objections and without waiving same, none.").  In so
> doing, Pamlab has wholly fulfilled its obligations under Fed. R. Civ. P. 34.

Rec. doc. 168 at p. 10.  This statement was reiterated by Pamlab in note on 1 on page 11 of its

opposition.  The June 8, 2005 order states:

> Pamlab contends that it provided all responsive documents to Rite Aid's
> requests. Rec. doc. 168 at p. 11, n. 1.  Pamlab is not required to produce additional
> documents, other than those documents responsive to the information contained in
> the supplemental answers to interrogatories ordered by this ruling.

Rec. doc. 184 at p. 3.

---

[1] For three categories (nos. 4, 9 and 52), Pamlab stated that, "[s]ubject to the foregoing objections and without waiving same, none."  For two of the categories (nos 64 and 65), Pamlab said it would comply with the scheduling order's requirements on identification of exhibits. For one of the categories (no. 67), Pamlab referred to the requirements of the scheduling order and Fed. R. Civ. P. 26 regarding expert reports.

In its supplemental memorandum on the Rule 34(b) identification issue, Rite Aid stated:

> Pamlab also contends that it has provided all documents responsive to Rite Aid's requests **subject to the objections**.  There is no evidence that Pamlab has provided all the documents responsive to Rite Aid's requests, especially when it has objected to every request.  Pamlab is hiding behind the objection and saying all non-objectionable documents have been provided.

Rec. doc. 187 at p. 3 (emphasis in original).[2]  The undersigned did not interpret Pamlab's responses in the same manner as did Rite Aid.  In order to resolve the issue, the June 27, 2005 order contained the following:

> Rite Aid also revisits the issue of whether Pamlab properly responded to each category of the request for production of documents by stating an objection and then producing subject to the objection.  Rite Aid correctly notes that the court has not ruled on the objections.  Instead it interpreted Pamlab's statement in its opposition as demonstrating that, notwithstanding its objections, all documents responsive to the categories were produced.  Rec. doc. 184 at p. 2.  In order to eliminate any ambiguity, Pamlab's objections to each category of Rite Aid's request for production are overruled in their entirety without prejudice to Pamlab's ability to reassert those objections in response to any <u>future</u> discovery request.  Within seven (7) working days of the entry of this order, Pamlab shall certify in writing that, after a diligent search, all documents responsive to the request for production of documents were produced.  Pamlab shall make this certification without reference to any objection made in response to prior discovery or any reservation of the right to object to future discovery.

Rec. doc. 194 at p. 3(emphasis added).  This action was not taken so as to prejudice Pamlab's right to make objections in the future on any discovery.  The undersigned believed, based on Pamlab's statements, that it produced all documents responsive to the categories.  Pamlab, however, objected to this portion of the June 27 order.  What Pamlab has or has not produced is not clear and therefore

---

[2] Rite Aid also filed a motion for new trial, motion for reconsideration and/or clarification on the June 8, 2004 order, in which it contended that it was entitled to a ruling on each objection by Pamlab to the categories in its request for production of documents.  Rec. doc. 190.  Pamlab filed an opposition.  Rec. doc. 195.  After the June 27, 2005 order, Rite Aid's motion for new trial and other relief was dismissed as moot at its request.  Rec. doc. 201.

it is necessary that the parties' arguments on Pamlab's responses to Rite Aid's request for production be considered.

Pamlab contends that Rite Aid waived its right to contest Pamlab's objections to all categories except for nos 8, 45-63 and 66.  Pamlab contends that Rite Aid did not criticize its objections to certain of the categories, so it not entitled to further relief on these categories.  Rec. doc. 168 at p. 10.  This argument is without merit.  Pursuant to Fed. R. Civ. P. 37(a), a party may apply for an order compelling discovery "if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for . . . an order compelling inspection in accordance with the request."  Fed. R. Civ. P. 37(a)(2)(B).  "An evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(2)(B).  Rite Aid did all that was required under Rule 37 to put at issue the adequacy of Pamlab's responses, including the validity of its objections, to each category identified in pages 15 through 45 of Rite Aid's motion to compel.  Rite did not waive its right to compel responses.

Neither Rule 34 nor any Local Rule impose any limitation on the number of categories that may be included in a request for production of documents.  Rite Aid's request includes sixty-seven categories including duplicate categories on the following subjects:  (1) marketing (category nos. 3, 12, 25, 32 and 39); (2) patents (category nos. 13 and 36); (3) testing (category nos. 27, 43 and 51-53); (4) homocysteine levels (category nos. 34 and 44); and (5) Pamlab's expenses (category nos. 54 and 55).  The number of categories related to the same topics is an abuse of the discovery process.  Rite Aid will be permitted one category for each of these topics (category nos. 3, 13, 27, 34 and 54).

Pamlab's objections to the remaining categories on these topics (category nos. 12, 25, 32, 36, 39, 43, 44, 51-53 and 55) will be sustained.[3]

Category no. 1.

The information sought in the category is relevant. The category is limited to the period from January 1, 2003 through the present. See Rec. doc. 78 at p. 8. Subject to the limitation, Pamlab's objections are overruled. It shall supplement its response.

Category no. 2.

The information sought in the category is relevant. The category is limited to the period from January 1, 2003 through the present. Subject to the limitation, Pamlab's objections are overruled. It shall supplement its response.

Category no. 3.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 4.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 5.

Pamlab's objection is sustained. No further response is required.

---

[3] Rite Aid's lack of care in the preparation of the categories and its motion to compel is further demonstrated by the fact that category nos. 64 and 65 are identical. Both categories request, "[a]ll exhibits you may use at the trial." Rite Aid's motion to compel seeks relief on both categories. Rec. doc. 165 at pp. 44-45.

Category no. 6.

Pamlab's objection is sustained.  No further response is required.

Category no. 7.

The information sought in the category is relevant.  The category is limited to the period from January 1, 2003 through the present.  Subject to the limitation, Pamlab's objections are overruled. It shall supplement its response.

Category no. 8.

Pamlab's objection is sustained.  No further response is required.

Category no. 9.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.  To the extent that Pamlab contends that there are documents responsive to this category that are protected from disclosure, then Pamlab shall identify those documents with a privilege log as required by Fed. R. Civ. P. 26(b)(5).

Category no. 10.

The information sought in the category is relevant.  The category is limited to the period from January 1, 2003 through the present.  Subject to the limitation, Pamlab's objections are overruled. It shall supplement its response.

Category no. 11.

The information sought in the category is relevant.  The category is limited to the period from January 1, 2003 through the present.  Subject to the limitation, Pamlab's objections are overruled. It shall supplement its response.

7

Category no. 12.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 13.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 25.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 26.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 27.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 28.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 29.

The category is limited to representative samples of the labels, packaging material and package inserts. Subject to this limitation, Pamlab's objections are overruled and it shall supplement

its response.

Category no. 30.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 31.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 32.

Pamlab's objection is sustained as per the discussion on categories on similar subjects.

Category no. 33.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 34.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 35.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 36.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 37.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 38.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 39.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 40.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 41.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 42.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 43.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 44.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 45.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 46.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 47.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 48.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 49.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 50.

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

Category no. 51.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 52.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 53.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 54.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 55.

Pamlab's objection is sustained as per the discussion regarding the same or similar categories.

Category no. 56.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

Category no. 57.

The information sought in the category is relevant. Pamlab's objections are overruled. It shall supplement its response.

<u>Category no. 58.</u>

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

<u>Category no. 59.</u>

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

<u>Category no. 60.</u>

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

<u>Category no. 61.</u>

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

<u>Category no. 62.</u>

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

<u>Category no. 63.</u>

The information sought in the category is relevant.  Pamlab's objections are overruled.  It shall supplement its response.

<u>Category no. 64.</u>

Pamlab's response is sufficient.

<u>Category no. 65.</u>

Pamlab's response is sufficient.

<u>Category no. 66.</u>

Pamlab's response is sufficient.

IT IS ORDERED as follows:

1.    The undersigned's reconsideration of the June 8, 2005 order (Rec. doc. 184) is not

required by any filing by Pamlab.

2.    As required by the June 8, 2005 order and within ten (10) working days of the entry

of this order, Pamlab shall:  (a) supplement its responses to interrogatory nos. 16 and

20; (b) produce unredacted documents; and (c) produce electronic versions of any

computer generated reports and spreadsheets that were produced to Rite Aid.

3.    The June 27, 2005 order (Rec. doc. 194) is VACATED.

4.    Rite-Aid's motion to compel (Rec. doc. 165) is DISMISSED AS MOOT with respect

to its contention that Pamlab failed to comply with the last paragraph of Fed. R. Civ.

P. 34(b).

5.      Rite-Aid's motion to compel (Rec. doc. 165) is GRANTED in PART and DENIED

in PART with respect to its contention that Pamlab failed to properly respond to

category nos. 1-13 and 25-66.  In accord with the terms of this order and within ten

(10) working days of its entry, Pamlab shall supplement its response to Rite Aid's

request for production of documents.

New  Orleans, Louisiana, this ___*4*___ day of August, 2005.

**SALLY SHUSHAN**
**United States Magistrate Judge**

cc:  United States District Judge Barbier

15