FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -7 AM 11: 46

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMLAB, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-1115-CJB-SS** |
| **RITE AID CORPORATION, et al** | |

### ORDER

BRECKENRIDGE'S MOTION TO COMPEL (Rec. doc. 231)

**DENIED**

      Breckenridge's motion to compel seeks an order on its request for production relating to twelve categories. It contends that it is entitled to discovery on the: (1) reformulation of Foltx; and (2) sale of the reformulated Foltx ("new Foltx"). Some categories seek information on clinical tests, research, pharmaceutical testing, comparative testing, USP standards, FDA standards, clinical studies from 1999 to date and comparative testing. These categories (nos. 3, 5, 7, 9, 10, 12, 37 and 44) are in the context of old Foltx and new Foltx, for example: pharmaceutical testing performed by Pamlab in connection with both products (category no. 7). Category no. 42 seeks documents concerning why the Foltx formula was changed. Category, no. 46, seeks documents relating to the allegation that Rite Aid pharmacies falsely represented to their customers that Folbee was the generic

____ Fee_____
____ Process_____
_X_ Dktd_____
____ CtRmDep_____

equivalent to the two products. Category nos. 43 and 47 seek documents on the presentations to doctors and pharmacies regarding the marketing of the two products. None of the categories at issue seek information on sales of new Foltx.

Breckenridge contends that discovery relating to the research, development, marketing and sales of new Foltx is relevant to its affirmative defense of unclean hands. This defense urges that Pamlab caused confusion in the marketplace regarding the contents of Foltx. It alleges that since June of 2004, Pamlab has sold a new formulation of Foltx under the same name as the old formulation of the product. It alleges that pharmacists were encouraged to fill prescriptions for either product without consulting the prescribing physician. For these and other reasons Breckenridge alleges that Pamlab engaged in unfair competition and false advertising regarding new Foltx. It argues that using the mark Foltx on a formulation for five years and then significantly changing the formula without changing the mark violates the Lanham Act.

Pamlab responds that Breckenridge developed Folbee to exploit Pamlab's success with Foltx. It alleges that Breckenridge attempted to convince sellers of Foltx that Folbee could be substituted for Foltx as a generic when in fact, it is not a generic for Foltx. It disputes the claim that it has not changed the mark and cites the labeling for new Foltx. It notes that the District Court denied its request to amend to add causes of action based on Breckenridge's product that competes with new Foltx. It argues that the effect of this ruling was to limit the lawsuit to claims and damages relating to old Foltx and that the doctrine of unclean hands is inapplicable because the reformulation of Foltx occurred after the filing of the suit. It further argues that the situation must be considered at the time of the suit.

Breckenridge replies that the documents sought relate to Pamlab's claim for damages as well as to the unclean hands defense. The damage issue only appears in Breckenridge's reply and not in its original memorandum in support of the motion to compel. In its reply it contends that documents relating to the sale and distribution of new Foltx are relevant because Pamlab engaged in a program where the inventory of old Foltx was exchanged for new Foltx at no cost to the pharmacies and distributors. It urges that understanding the distribution logistics of new Foltx will identify when and where old Foltx ran out and when alternate products like Folbee were required to fill the prescriptions. This reply ignores that none of the categories that are the subject of the motion to compel have anything to do with the sale of new Foltx. They are only concerned with the research, development and, in two instances, marketing of new Foltx.

Breckenridge also replies that a plaintiff must maintain clean hands throughout the litigation and not only when the litigation is filed. Assuming that this statement of the law is correct, it must be addressed in the context of the District Court's order denying Pamlab leave to amend. Because of this limitation on the pleadings, there is no basis for Breckenridge to proceed with discovery relating to the research, development and marketing of new Foltx. In addition, Breckenridge has not demonstrated why the discovery is required to support its contention that Pamlab is using the mark for old Foltx to market new Foltx. This can be resolved by reference to the labels on the two products.

IT IS ORDERED that Breckenridge's motion to compel (Rec. doc. 232) is DENIED.

New Orleans, Louisiana, this 26th day of October, 2005.

SALLY SHUSHAN
United States Magistrate Judge