UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMLAB, L.L.C.                          CIVIL ACTION

VERSUS                                  NO: 04-1115

RITE AID CORPORATION                    SECTION: "J" (1)
AND BRECKENRIDGE
PHARMACEUTICAL, INC.


**ORDER**

Before the Court are defendant Breckenridge Pharmaceutical's **Motion to Compel Compliance With the Scheduling Order** (Rec. Doc. 247) and ex-defendant Rite Aid's **Motion for Protective Order, Reconsideration, and Other Relief** (Rec. Doc. 248), which has been adopted by plaintiff Pamlab. After considering the memoranda of counsel, the arguments made at the hearing on the motions, the record, and the relevant law, the Court finds that defendant Breckenridge's motion should be DENIED without prejudice to be re-urged, and ex-defendant Rite Aid's motion should be GRANTED in part and DENIED in part.

**BACKGROUND**

At the end of a December 15, 2005, scheduling conference in chambers, at which Rite Aid was not present, the Court ordered

plaintiff to produce to Breckenridge the settlement agreement between plaintiff and Rite Aid by December 22, 2005. The reasons for producing the agreement were not thoroughly developed at the conference and neither were reasons for protecting the agreement, although plaintiff expressed reservations. Plaintiff was instructed to submit any agreement *in camera* first if it thought that the agreement should be protected. December 22, 2005 passed with no agreement being produced. On January 6, 2006 Breckenridge moved to compel disclosure of the agreement. On January 10, 2006 Rite-Aid filed a cross-motion for a protective order or for the Court to reconsider its scheduling order requirement of production. On January 24, 2006, plaintiff incorporated and adopted Rite-Aid's motion and also offered a copy of the settlement agreement for *in camera* inspection and filing under seal. The Court reviewed the settlement and then heard oral arguments from the parties on February 1, 2006.

**DISCUSSION**

A.   *Motion to Compel*

Having had the benefit of briefing, argument, and *in camera* review of the settlement agreement, the Court finds that Breckenridge has failed to show that the contents of the settlement are relevant to the proceedings at this time. It is far from clear that proportional damages will need to be assigned

pursuant to Lanham Act liability. If such an assignment is needed, the blanket protective order in place would very likely prevent the contents of the settlement agreement from being revealed in any case. In addition, there has been no showing that Rite-Aid witnesses will testify or that their testimony may be biased.

The Court does not endorse Rite-Aid's understanding that the Fifth Circuit requires a heightened showing of relevance or need. However, in light of Federal Rule of Civil Procedure 408's limitation on the admissibility of settlement information, the Court finds that Breckenridge's discovery request fails to satisfy even the broad relevancy requirement of Federal Rule of Civil Procedure 26 at this time. Should the issue of witness bias arise in such a way that the fact of the settlement and/or deposition testimony is insufficient to impeach, or should an expert determination of the settlement's value for purposes of determining damages under the Lanham Act be required, Breckenridge is free to re-urge its request for production.

B.   *Motion for a Protective Order*

The Court recognizes that there is a general public policy supporting the settlement of cases. However, the burden is on Rite-Aid to show "good cause" by demonstrating a clearly defined and specific injury to warrant a protective order under Federal

Rule of Civil Procedure 26(c). *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Rite-Aid has failed to identify for the Court what the specific injury would be in this case. The Court notes that there is already a blanket protective order in place which prohibits the viewing of identified documents by anyone other than counsel. Should the contents of the settlement agreement become relevant to this case, the blanket protective order may prove sufficient to protect the parties' interests.

Accordingly,

**IT IS ORDERED** that defendant Breckenridge Pharmaceutical's **Motion to Compel Compliance With the Scheduling Order** (Rec. Doc. 247) is **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that ex-defendant Rite Aid's and plaintiff Pamlab's **Motion for Protective Order, Reconsideration, and Other Relief** (Rec. Doc. 248) is **GRANTED** insofar as the Court has reconsidered its order to produce the settlement agreement and is **DENIED** in all other respects.

New Orleans, Louisiana this the 7th day of February, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4