```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PAMLAB, L.L.C.                              CIVIL ACTION

VERSUS                                      NO: 04-1115

RITE AID CORP. AND                          SECTION: "J"(1)
BRECKENRIDGE PHARMACEUTICAL,
INC.
```

### ORDER

Before the Court is plaintiff, PAMLAB's, Motion to Modify Scheduling Order. (Rec. Doc. 268.) The Motion is opposed. (Rec. Doc. 275.) Having considered the record, the memoranda of counsel, and the Court's own recollection of the December 15, 2005 status conference, the Court finds that the motion should be GRANTED. Breckenridge will be required to disclose its expert witnesses and written reports within 15 days of the entry of this order.

## BACKGROUND

PAMLAB produced its expert reports on August 10, 2005. Then Hurricane Katrina hit on August 29, 2005, and Breckenridge was not required to provide its expert reports by the original September 12, 2005 deadline. At the December 15, 2005 telephone status conference the Court gave Breckenridge, which had received PAMLAB's reports months ago, thirty days to provide PAMLAB with its expert reports.

This dispute arises from discrepancies between oral orders made by the Court during that status conference on December 15, 2005 and the standardized scheduling order that followed the conference on December 19, 2005. Breckenridge seeks to adhere strictly to the written expert report deadline of June 12, 2006, rather than the orally ordered deadline of January 16, 2006.

## DISCUSSION

Due to the Court's mistake, the minute entry and scheduling order that followed the conference set deadlines of May 10, 2006 for production of plaintiff's expert reports and June 12, 2006 for production of defendant's expert reports. These deadlines were generated by counting back from the trial date, rather than reflecting what the Court had ordered at the status conference.

The Court obviously intended that Breckenridge produce its

2

expert reports sooner than June 12, 2006 to minimize possible prejudice to PAMLAB. But for the mistake in the written scheduling order PAMLAB would already have Breckenridge's reports. Because of the misrepresentative written scheduling order, the Court will obviously not hold Breckenridge to the orally set date of January 16, 2006. Instead, the Court will give Breckenridge fifteen (15) days from the entry of this order to produce its expert reports for PAMLAB.

Accordingly,

**IT IS ORDERED** that PAMLAB L.L.C.'s Motion to Modify Scheduling Order (Rec. Doc. 268) is **GRANTED**. Breckenridge has **fifteen (15) days** from the entry of this order to produce the written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for Breckenridge.

New Orleans, Louisiana this the 18th day of April, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3